### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>DISCOVERY COMMUNCIATIONS, INC.,<br><br>      Defendant. | CASE NO. 6:15-CV-227<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("RBDS"), for its Complaint against Discovery Communications, Inc. ("Defendant"), alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

2.     This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant has transacted and is transacting business in the Eastern District of Texas that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

4.     Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendant has done business and committed infringing acts and continues to do business and to commit infringing acts.

_____
COMPLAINT FOR PATENT INFRINGEMENT

## PARTIES

5.      Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Texas with its principal place of business at 1400 Preston Road #400, Plano, Texas 75093.

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Discovery Communications, Inc. ("Discovery") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1 Discovery Place, Silver Spring, Maryland 20910-3354.  Plaintiff is further informed and believes, and on that basis alleges, that Discovery is in the business of selling and delivering media content, and derives a significant portion of its revenue from delivering media content to consumers via its systems.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Discovery has done and continues to do business in this judicial district, including, but not limited to, delivering media content to consumers located in this judicial district by way of its systems.

## FACTS

7.      On October 7, 2014, United States Patent No. 8,856,221 (the "'221 Patent") entitled "System and Method for Storing Broadcast Content in a Cloud-Based Computing Environment" was duly and legally issued to Leigh M. Rothschild as inventor.  A true and correct copy of United States Patent No. 8,856,221 is attached hereto as Exhibit "A" and incorporated herein by this reference.  On November 21, 2011, Rothschild assigned all rights in the '221 Patent to Ariel Inventions, LLC.  On February 25, 2015, Ariel Inventions, LLC assigned all rights in the '221 Patent to plaintiff.  Plaintiff is the exclusive holder of all rights, title and interest in and to the '221 Patent, including all rights to enforce the '221 Patent and to recover for infringement.  The '221 Patent is valid and in force.

8.      As more fully laid out below, Defendant has been and is now infringing the '221 Patent, in this judicial district and elsewhere, by selling its services and delivering media content using its system(s), which, individually or in combination, incorporate and/or use subject matter claimed by the '221 Patent.

## CLAIM FOR RELIEF

### (Direct Infringement of the '221 Patent, in Violation of 35 U.S.C. § 271(a))

9. Plaintiff refers to and incorporates herein by reference paragraphs 1-9.

10. The claims of the '221 Patent relate to a "system for media content storage and delivery" comprising a variety of features.

11. Defendant's system(s) are "a system for media content storage and delivery" practicing the claims of the '221 Patent.

12. The claims of the '221 Patent also relate to a "method for storing media content and delivering requested media content to a consumer device."

13. Defendant practices a "method for storing media content and delivering requested media content to a consumer device" as claimed in the '221 Patent.

14. Defendant, therefore, by the acts complained of herein, is making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, and has in the past and is now continuing to infringe the '221 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

15. Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

16. By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A.	For an order finding that the '221 Patent is valid and enforceable;

B.	For an order finding that, by the acts complained of herein, Defendant has directly infringed the '221 Patent in violation of 35 U.S.C. § 271;

C.	For an order temporarily, preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '221 Patent;

D.	For an order directing Defendant to deliver to Plaintiff for destruction or other disposition all infringing products and systems in its possession;

E.	For an order directing Defendant to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendant has complied with the injunction;

F.	For an order awarding Plaintiff general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendant's profits or gains of any kind from its acts of patent infringement;

G.	For an order awarding Plaintiff pre-judgment and post-judgment interest; and

H. For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED:  March 19, 2015

Respectfully Submitted,

By: */s/ Charles Ainsworth*

Charles Ainsworth
State Bar No.  00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

Attorneys for Plaintiff,
Rothschild Broadcast Distribution Systems, LLC

- 5 -   COMPLAINT FOR PATENT INFRINGEMENT